## 104

**Carlton THORNHILL, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–38–L.**

United States District Court
W. D. Virginia,
Lynchburg Division.

May 23, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed by Carlton Thornhill *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 2254.

Petitioner is currently serving a term of life imprisonment in the Virginia State Penitentiary, pursuant to a conviction of first degree murder by the Circuit Court of Amherst County on September 30, 1959. At his trial before a jury, petitioner was represented by court appointed counsel. Petitioner did not make a timely appeal of his conviction to the Virginia Supreme Court of Appeals.

A habeas corpus hearing was conducted by the state court in Amherst County on April 29, 1964, as a result of a petition by the prisoner. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ of habeas corpus was denied, although there is some confusion as to the date the order was entered. Petitioner's efforts to appeal the denial of habeas corpus led to a series of proceedings which are not pertinent to the present issue. Suffice it to say that further proceedings on a federal writ of habeas corpus were stayed to allow petitioner to file a tardy appeal in the state courts. The Supreme Court of Appeals of Virginia granted a belated appeal, and by an order entered January 17, 1968 petitioner's appeal was denied and the original conviction affirmed.

Petitioner now seeks a writ of habeas corpus from this court alleging that (1) petitioner was not capable of distinguishing right from wrong, and the trial court erred in not impaneling a jury to rule on the question of sanity; (2) the McNaughton test for insanity is unconstitutional; (3) petitioner was denied the effective representation of counsel because counsel failed to perfect an appeal.

Having studied the record, this court is satisfied that the record is an adequate basis on which to make a decision.

Accordingly, there is no need for a plenary hearing.

 Petitioner has offered no facts to support his allegation that he was legally insane and that the trial court refused to submit the issue of insanity to a jury. The record reveals that before his trial petitioner was committed to the State Hospital in Petersburg for observation. Petitioner remained in the State Hospital for approximately two months, and the observing physicians concluded that petitioner was capable of distinguishing between right and wrong. At the state habeas corpus hearing, petitioner's attorney testified that in his opinion petitioner was capable of understanding the proceedings at the trial and capable of aiding in his own defense. At petitioner's trial the issue of insanity was again raised, but the jury concluded that petitioner was legally sane. This court feels that the lawful procedure for determining a question of insanity was followed in this case.

 Petitioner's second allegation challenges the constitutionality of the McNaughton "right and wrong" test of insanity. The McNaughton test of insanity has often been attacked and defended, and there is no need to belabor the arguments or to list the innumerable cases on the subject. This court feels that it is sufficient to state that the McNaughton test is the lawful existing test of insanity, and the test was correctly applied in this case. Accordingly, there is no merit to petitioner's allegation that the test is unconstitutional.

 Petitioner's allegation of inadequate representation of counsel relates mainly to the failure to perfect an appeal. Since the Supreme Court of Appeals of Virginia allowed petitioner a belated appeal, the allegations concerning denial of appeal are now moot and not a basis for a writ of habeas corpus.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner, this court feels that the allegations are without merit.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and the same is hereby denied.

The clerk is directed to send certified copies of this opinion and judgment to the petitioner and to the respondent.